IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Melvin Nelson, #293069 | ) | C/A No. 5:14-00719-BHH-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Robert M. Stevenson, III, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Melvin Nelson ("Petitioner") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 24, 25. On July 8, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the Summary Judgment Motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 27. On August 7, 2014, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment. ECF No. 33. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 24, be granted.

I.      Background

Petitioner is currently incarcerated in the South Carolina Department of Corrections ("SCDC"). ECF No. 1 at 1. In 2005, Petitioner was indicted at the January term of the York

County Grand Jury for Possession of Crack Cocaine with Intent to Distribute ("PWID") (2005-GS-46-1061). App. 220.[1]  Stephen D. Schusterman represented Petitioner in a jury trial that convened from June 22-23, 2005, and E.B. Springs and Jenny Desh represented the State. App. 1. Petitioner was tried in his absence before the Honorable Marc Westbrook. *Id.* After the trial, the jury found Petitioner guilty of PWID, and Judge Westbrook imposed a sealed sentence and ordered Petitioner be picked up on a bench warrant. App. 151-52; 155-56, 159.  On January 10, 2007, the Honorable Edward W. Miller opened the sealed sentence previously imposed and announced that Petitioner had received a twenty-year sentence for the PWID conviction. App. 162-67.

Deputy Chief Appellate Defender Wanda H. Carter represented Petitioner on direct appeal. ECF No. 25-3. In his appellate brief, Petitioner argued:  "The trial judge erred in allowing the testimony of a narcotics officer into evidence at trial."  *Id.* at 4. Assistant Attorney General Julie Thames filed a brief on behalf of the State. ECF No. 25-4.  The South Carolina Court of Appeals affirmed Petitioner's conviction in an unpublished opinion, finding that the issue argued was both abandoned and not preserved for appellate review. ECF No. 25-5.  On December 31, 2008, the Court of Appeals issued a Remittitur. ECF No. 25-6.

II.    Procedural History

Petitioner filed an application for Post-Conviction Relief ("PCR") on October 6, 2009 (2009-CP-46-4300). App. 168-173. When asked in his PCR Application to state the grounds on

---

[1] Citations to "App." refer to the Appendix for Petitioner's trial transcript, appeal from his sentence and conviction, and his claim for collateral relief in the state courts of South Carolina. That appendix is available at ECF No. 25-1 in this habeas matter. According to Petitioner's trial transcript, Petitioner was also indicted for Possession of Crack Cocaine with Intent to Distribute within the Proximity of a School (2005-GS-46-1062).  However, that indictment is not part of the record before the court.

5:14-cv-00719-BHH    Date Filed 10/15/14    Entry Number 35    Page 3 of 22

which he based his allegation that he was being held unlawfully, Petitioner wrote "See Page 3(a)." Page 3(a) is a "Motion for Appointment of Counsel" where Petitioner requested he be appointed PCR counsel and leave to amend his PCR Application. ECF No. 25-2. The State filed a Return to Petitioner's Application on March 18, 2010. App. 174-78. There, the State indicated that Petitioner made the following allegations in his PCR Application: "Constitutional Violations" and "Sentence exceeds the maximum prescribed by law." *Id.* at 175. A motions hearing convened on February 2, 2011, before the Honorable Paul M. Burch. App. 179-210. Petitioner was present and represented by Attorney Matthew Niemiec, and Karen Rattigan, of the South Carolina Attorney General's Office, appeared on behalf of the State. *See id.* In an Order filed April 27, 2011, the PCR court denied Petitioner's PCR Application in full, making the following findings of fact and conclusions of law:

> This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post-conviction relief hearing. This Court has further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly. Set forth below are the relevant findings of facts and conclusions of law as required pursuant to S.C. Code Ann. § 17-27-80 (2003).

> Ineffective Assistance of Counsel

> In a post-conviction relief action, the applicant has the burden of proving the allegations in the application. Rule 71.1(e), SCRCP; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). Where ineffective assistance of counsel is alleged as a ground for relief, the applicant must prove "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984); Butler, 286 S.C. 441, 334 S.E.2d 813 (1985). The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler, 286 S.C. 441, 334 S.E.2d 813 (1985). The applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

Courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel. First, the applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry, 300 S.C. at 117, 385 S.E.2d at 625, (citing Strickland). Second, counsel's deficient performance must have prejudiced the applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625. This Court finds the Applicant's claims concerning counsel are without merit and must be denied and dismissed.

As to the allegations trial counsel failed to adequately prepare for trial and failed to conduct any meetings with him, this Court finds Applicant's testimony not credible, while also finding counsel's testimony credible. Counsel testified the Applicant knew he was his attorney, and testified he made numerous unsuccessful attempts to contact Applicant. Further, counsel testified the Applicant never once called him or came to see him. Therefore, this Court finds any testimony on the Applicant's behalf regarding counsel's preparation is baseless, and that claim is without merit. Counsel further testified he reviewed the State's evidence and was as prepared as he could be without having his client to consult. This Court finds counsel reviewed all discovery material and was fully prepared under the circumstances. Further, this Court finds the Applicant has failed to present any evidence that he never met or consulted with counsel due to some error, omission, or fault of counsel. Therefore, the Applicant has failed to show that any resulting prejudice was caused by counsel's deficient performance. This claim is therefore denied and dismissed.

With regards to the allegation trial counsel failed to object to the admission of the drugs in this case, this Court finds this allegation is also without merit. The Applicant testified the drugs found on him should have been excluded at trial because the officers in this case did not have a reasonable suspicion to ask him out of the car and frisk him, and further testified the officers did not have probable cause to arrest him. After a review of the testimony presented at trial and relevant case law, this Court finds counsel was not ineffective for failure to object to the admission of the drugs in this case.

This Court first finds Applicant has not met his burden of proving counsel had a legitimate basis for challenging the stop of the automobile, his subsequent pat-down, or his eventual arrest. "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe a traffic violation has occurred." Whren v. U.S., 517 U.S. 806, 810, 116 S.Ct. 1769, 1772 (1996). Officer Marshall testified he stopped the vehicle Applicant was a passenger in because it was raining, state law requires the use of headlights and tail lights in the rain, and on one side of the vehicle the rear tail light and brake light were not functioning. (Tr. p. 60-61). Therefore, Officer Marshall properly stopped the vehicle for a traffic violation.

4

Further, "once a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable search and seizures." Pennsylvania v. Mimms, 434 U.S. 106, 111, 98 S.Ct. 330, 333 n.6 (1977). The Supreme Court extended this rule to passengers of a lawfully detained motor vehicle based on the reasoning that "the danger to an officer from a traffic stop is likely to be greater when there are passengers in addition to the driver in the stopped car." Maryland v. Wilson, 519 U.S. 408, 414-15, 117 S.Ct. 882, 886 (1997). Officer Marshall testified the driver of the vehicle did not have a license, and he proceeded to arrest the driver after a computer check revealed the driver's license was suspended. (Tr. pp. 63-64). Officer Parker then arrived as backup, and he testified he asked Applicant to step out of the vehicle because he appeared nervous and was constantly looking over his shoulder. (Tr. p. 84). Officer Parker testified he asked Applicant for consent to search his person, and Applicant consented. (Tr. p. 84-85). Officer Parker testified that as he went to check Applicant's left pocket he felt something crumpled up like a ball, and Applicant immediately lowered his left hand in a manner that suggest he was "kind of scared." (Tr. p. 85). Officer Parker further testified he asked Applicant if that was marijuana in his pocket, and Applicant replied, "Yes." (Tr. p. 85). Officer Parker immediately placed Applicant under arrest, then removed the item from Applicant's pocket and discovered it actually contained crack cocaine. (Tr. pp. 85-86).

This Court finds Applicant was properly removed from the car. Further, the evidence at trial showed that Applicant consented to be searched, then told the officer he had marijuana on him. Therefore, Court finds counsel had no basis for objecting to the removal of Applicant from the car, the pat-down, or the subsequent arrest. The Applicant testified before this Court that he did not consent to the search and did not tell the officer he possessed marijuana. This Court finds this testimony, even if true, is not relevant to the issue of counsel's effectiveness as the Applicant did not present this information to counsel prior to trial, and no such evidence was presented to the trial court. The Applicant's opportunity to present this testimony and confront the witnesses against him was at trial; however, the Applicant chose not to appear at that time. The allegations concerning counsel's failure to object or otherwise challenge the admissibility of the drugs in this case are hereby denied and dismissed as being without merit.

As to the allegation counsel failed to object to the sufficiency of the arrest warrant, this Court finds the Applicant has clearly failed to meet his burden of proof. As explained above, this Court finds counsel had no basis for challenging whether the arresting officer had probable cause to arrest the Applicant. Further, the Applicant failed to provide any testimony or evidence indicating the warrant was insufficient. As the Applicant testified, the officer who filled out the arrest warrant was present at the scene when he was arrested. This Court finds this claim is without merit, and is therefore denied and dismissed.

Accordingly, this Court finds the Applicant has failed to prove the first prong of the <u>Strickland</u> test – that counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence trial counsel committed either errors or omissions in his representation of the Applicant.

This Court also finds Applicant has failed to prove the second prong of <u>Strickland</u>—that he was prejudiced by counsel's performance. This Court concludes Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. Therefore, the allegation of ineffective assistance of counsel is denied.

CONCLUSION

Based on all the foregoing, this Court finds and concludes the Applicant has not established any constitutional violations or deprivations that would require this Court to grant his application. Therefore, this application for post-conviction relief must be denied and dismissed with prejudice.

This Court advises the parties that in order to secure the appropriate appellate review, notice of appeal must be served and filed within thirty (30) days after receipt by counsel of notice of entry of this order. See Rules 203 and 243 of the South Carolina Appellate Court Rules. This Court notes that post-conviction relief counsel must advise an applicant of the right to seek appellate review of a post-conviction relief order. <u>State v. Bray</u>, 366 S.C. 137, 620 S.E.2d 743 (2005). Also, pursuant to <u>Austin v. State</u>, 305 S.C. 453, 409 S.E.2d 395 (1991), an applicant has a right to an appellate counsel's assistance in seeking review of the denial of post-conviction relief. Rule 71.1(g), SCRCP, provides that if the applicant wishes to seek appellate review, post-conviction relief counsel must serve and file a notice of appeal on an applicant's behalf.

App. 576-82. Appellate Defender Susan B. Hackett filed a *Johnson*[2] Petition for Writ of Certiorari on Petitioner's behalf, dated December 2, 2011. ECF No. 25-7. Therein, Petitioner raised: "Did the lower court err in denying Petitioner relief where trial counsel provided ineffective assistance by failing to challenge the sufficiency of the arrest warrant, which was sworn to by an officer who did not arrest Petitioner and did not explain if the officer relied upon hearsay from a fellow officer?" *Id.* at 3. Petitioner filed a pro se "*Johnson* supplemental Brief." ECF No. 25-8. There, Petitioner argued, verbatim:

---
[2] *See Johnson v. South Carolina*, 364 S.E.2d 201 (S.C. 1988).

> The lower court erred on denying Petitioner Relief where trial counsel provided ineffective assistance of counsel by failing to move to suppress the cocaine found based upon the fact that the officer did not have reasonable suspicious required to justify a pat down search on frisk of Petitional as a passenger in a lawfully stopped vehicle, when the initial traffic stop had ended.

*Id.* at 2. The South Carolina Court of Appeals denied the petition on February 11, 2014, ECF No. 25-9, and issued the Remittitur on February 27, 2014. ECF No. 25-10. This federal habeas Petition followed and was filed on March 5, 2014. ECF No. 1.

III.    Discussion

A. Federal Habeas Issues

Petitioner raises the following issues in his Federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> GROUND ONE: Ineffective assistance of trial counsel/warrant issue.
> Supporting Facts: Trial counsel fail to challenge the sufficiency of the arrest warrant which  was sworn to by an officer who did not arrest Petitioner and did not explain if the officer relied upon hearsay from a fellow officer…in violation of my fourth, sixth, and fourteenth Amendment…ECF No. 1 at 5.
>
> GROUND TWO: Ineffective assistance of trial counsel/search and seizure issue.
> Supporting Facts: Trial counsel failed to object to the admission of evidence during trial due to an unlawful search and seizure of my person during a traffic stop. Because officer said he asked me to step out of the car because I looked over my shoulder and appeared to look nervous but nervousness alone dose not give rise to reasonable cause to seize an individual…in violation of my fourth amendment. *Id.* at 7
>
> GROUND THREE: Trial judge erred in allowing the testimony of a narcotics officer into evidence at trial.
> Supporting Facts: The question was whether I possessed crack cocaine and whether there was an intent to distribute and whether possession of one gram or more would result in an inference that I possessed the crack cocaine with intent to distribute. Clearly, the jury charge that one gram or more created inference of possession of crack cocaine with intent to distribute sufficed with respect to the seller versus user issue without officer's testimony. Thus officers testimony was irrelevant and prejudicial as his testimony was based on narcotic consumption as proof that I was a seller and not a user. The issue was not whether I was a seller

7

by consumption but if I intended to distribute based on the facts in the case. Allowing the officers testimony into evidence violated my fourteenth Amendment to the Right to a fair trial…*Id.* at 8.

B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court

8

can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

 C. Habeas Corpus Standard of Review

  1. Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

  2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or

laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. 28 U.S.C. § 2254(a)-(b). The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

10

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) *overruled on other grounds by U.S. v. Barnette*, 644 F.3d 192 (4th Cir. 2011). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR.  State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976).  If the PCR court fails to address a claim as is required by section 17-27-80 of the South Carolina Code, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of

Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  As the United States Supreme Court explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996)).

> 3.     Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray v. Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the

13

novelty of a particular claim. *Id.* Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray v. Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

III.    Analysis

A. Procedurally-Barred Grounds

As an initial matter, Respondent maintains that Ground Three "was waived and abandoned in state court when Petitioner raised no federal constitutional claim or objection at this trial to the admission of this evidence." ECF No. 25 at 28. Additionally, Respondent contends that this claim is not cognizable on federal habeas review. *Id.* at 28-29. Respondent also maintains that Ground Three was dismissed on adequate and independent state law grounds by the South Carolina Court of Appeals, which this court will not review. *Id.* at 29. Finally, Respondent argues that this Ground fails on the merits. *Id.* at 29-35.

Petitioner exhausted his state court remedies concerning his allegation in Ground Three that improper testimony was admitted during his trial. At trial, Petitioner's trial counsel lodged an objection to testimony from Jason Dalton, a narcotics officer, when the State asked him "in your experience have you handled both crack cocaine dealer and crack cocaine users?" App. 100. Specifically, trial counsel objected "to this line of questioning based on relevance. . . ." *Id.* Later, during a bench conference, trial counsel objected to the Officer being qualified as an expert witness. The trial court then allowed Officer Dalton to testify under Rule 701, as a lay witness. App. 101-106.

14

Petitioner appealed the trial court's ruling on the admission of the Officer's testimony to the South Carolina Court of Appeals. ECF No. 25-3. The court of appeals affirmed the trial court's ruling, finding the issue was abandoned and not preserved for appellate review. ECF No. 25-5. Therefore, Petitioner exhausted his available state remedies on Ground Three. *See Martino v. Cartledge*, No. 0:09-527-HMH-PJG, 2010 WL 56093, at * 7 (D.S.C. Jan. 4, 2010) ("a petitioner need not seek certiorari review from the South Carolina Supreme Court for purposes of exhausting state remedies. . . ."); *In re Exhaustion of State Remedies in Criminal & Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990) ("We therefore declare that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.").

Though exhausted, Ground Three is not cognizable under federal habeas review. The undersigned finds that this court is prohibited from granting habeas relief unless the state court's decision contradicts, or is an unreasonable application of, "clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The South Carolina Court of Appeals decision, finding that Petitioner's appellate argument was both abandoned and not preserved for appellate review, was based on Rule 220(b) of the South Carolina Appellate Court Rules and South Carolina common law. *See* ECF No. 25-5. Had the court of appeals addressed Petitioner's appellate argument on the merits, it would have applied a state evidentiary rule to the facts of Petitioner's case.  In either circumstance, the state appellate court would not have been applying federal law as determined by the Supreme Court of the United States. Accordingly, undersigned must agree with the state court's application of its own

15

law to the facts of this case. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Therefore, this court cannot conclude that the court of appeal's determination on the issue was contrary to, or an unreasonable application of, clearly established federal law. *See e.g., Bustos v. White*, 521 F.3d 321, 325-26 (4th Cir. 2008) (holding that because there is no Supreme Court precedent establishing that parole ineligibility constitutes a direct, rather than a collateral, consequence of a guilty plea, there was no basis for determining that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law); *see also Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (internal citation omitted) (stating that "there can be no Supreme Court precedent to be contradicted or unreasonably applied, and therefore no habeas relief, when there is no Supreme Court precedent on point or where the Court has reserved the question.").

Petitioner may, nonetheless, overcome procedural defaults and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review. *See Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996). The existence of cause ordinarily turns upon a showing of: 1) a denial of effective assistance of counsel, 2) a factor external to the defense which impeded compliance with the state procedural rule, or 3) the novelty of the claim. *Murray*, 477 U.S. at 488. Having reviewed the record, evidence, and the parties' legal memoranda, the undersigned finds that Petitioner has not shown sufficient cause and prejudice to excuse the default of the above-referenced claim. Thus, this issue is procedurally barred from consideration by this court and should be dismissed. *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir.), cert. denied,

16

519 U.S. 1016 (1996) (finding in order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into federal court.").

In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of any cause and prejudice or actual innocence to excuse the default. Thus, his claim is procedurally barred from consideration by this court and should be dismissed. The undersigned therefore recommends that the Respondent's Motion for Summary Judgment be granted as to Ground Three.[2]

B. Merits

In Grounds One and Two, Petitioner alleges ineffective assistance of counsel. The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below

---

[2] The Fourth Circuit has stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Accordingly, the undersigned will not discuss the merits of Ground Three.

an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 669.

     1.  Ineffective Assistance of Counsel-Search and Seizure Issue (Ground Two)

Petitioner maintains he received ineffective assistance of counsel because his trial counsel failed to object to the admission of evidence seized during an unlawful search. ECF No. 1 at 7. Petitioner argues that after a traffic stop, a police officer asked him to step out of the car because he looked over his shoulder and appeared to look nervous. *Id.* However, Petitioner contends that nervousness alone does not give rise to reasonable cause to seize an individual and the search and seizure violated Petitioner's Fourth Amendment rights. *Id.* Respondent maintains Petitioner's claim has no merit—that the PCR court directly addressed this issue, found it to be meritless, and that determination is entitled to "double deference" by this court. ECF No. 25 at 25.

Petitioner raised this issue in his PCR proceeding and the PCR court noted that Petitioner testified that his trial counsel failed to object to the admission of drugs during his trial. App. 213. Additionally, the PCR court found Petitioner testified that the officers did not have reasonable suspicion to ask him to step out of the car and subsequently search him; that he did not act nervous during the traffic stop; that he never consented to being searched; and if trial counsel had presented these arguments to the trial court, the drugs would not have been admitted into evidence. *Id.* The PCR court found Petitioner failed to meet his burden of proving that trial

18

counsel had a legitimate basis for challenging the traffic stop, Petitioner's pat down after the traffic stop, or his arrest. App. at 216.

The PCR court found that the traffic stop that occurred, giving rise to Petitioner's arrest, was valid. In its reasoning, the PCR court found that the Supreme Court has held that "[a]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996); *see also United States v. Digiovanni*, 650 F.3d 498, 506 (4th Cir. 2011), as amended (Aug. 2, 2011) (noting a traffic stop is justified when a motorist violates a traffic law). During Petitioner's trial, Officer Marshall testified that he stopped the vehicle Petitioner was riding in as a passenger when it was raining.  App. 60-61, 216. The Officer testified he made the stop because state law requires use of both head lights and tail lights in the rain, and the vehicle's rear tail light and brake light were not functioning. *Id.* Based on this testimony, the PCR court found "Officer Marshall properly stopped the vehicle for a traffic violation."  App. at 216.

Additionally, the PCR court found that a valid search occurred after the traffic stop. Once a valid traffic stop occurs, the PCR court found that the Supreme Court held that a Fourth Amendment violation does not occur if an officer orders the driver out of the vehicle. *Pennsylvania v. Mimms*, 434 U.S. 106, 111, n. 6 (1977) ("[O]nce a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures."). The PCR court noted that the Supreme Court extended the *Mimms* rule to passengers as well as drivers. *Maryland v. Wilson*, 519 U.S. 408, 410 (1997) (holding police officers making traffic stops may order passengers to get out of car pending completion of stop). Once ordered

19

out of the vehicle, the PCR court found that Petitioner consented to being searched based on an officer's testimony and after searching Petitioner, the officer discovered crack cocaine. App. 217. Based on these facts, the PCR court concluded that trial counsel had "no basis for objecting to the removal [Petitioner] from the car, the pat-down, or the subsequent arrest." *Id.*

The PCR Court's decision on whether Petitioner's trial counsel was ineffective based on his failure to object to the admission of evidence was not contrary, nor an unreasonable application of, clearly established federal law. Further, it was not based upon an unreasonable determination of facts in light of the state court record. The PCR court noted that Petitioner testified that he did not consent to the search. App. 217. However, Petitioner was tried in his absence and even if his testimony is true, the PCR court noted that he did not present this information to his trial counsel. *Id.* Therefore, the PCR court found that whether or not Petitioner claims he did not consent to the search is not relevant to trial counsel's effectiveness. *Id.* Accordingly, this issue is without merit and should be dismissed.

2. Ineffective Assistance of Counsel-Failure to Challenge the Sufficiency of the Arrest Warrant (Ground One)

Petitioner contends that he was denied effective assistance of counsel because his trial counsel failed to challenge the sufficiency of the arrest warrant. Specifically, Petitioner argues that trial counsel was ineffective for failing to challenge the sufficiency of the arrest warrant which was sworn by an officer who did not arrest him and which failed to explain if the arresting officer relied upon hearsay from a fellow officer. *Id.* Respondent moves for summary judgment and argues that Petitioner's claim has no merit—that the PCR court directly addressed this issue, found it to be meritless, and that determination is entitled to deference by this court. ECF No. 25 at 23-25.

20

The PCR court found that Petitioner failed to meet his burden of proof concerning his allegation that trial counsel failed to object to the sufficiency of the arrest warrant. App. 218. Specifically, the PCR court held that trial "counsel had no basis for challenging whether the arresting officer had probable cause to arrest [Petitioner]." *Id.* The PCR court based this conclusion on testimony from the trial transcript. There, the officer who searched Petitioner testified that he felt something crumbled up like a ball when he checked Petitioner's left pocket. App. 217. Further, the officer testified that Petitioner responded affirmatively when the officer asked whether he had marijuana in his pocket. *Id.* Thereafter, the officer immediately placed Petitioner under arrest and retrieved the item from Petitioner's pocket. *Id.* Additionally, the PCR court noted that Petitioner testified that the officer who filled out the arrest warrant was at the scene when he was arrested. App. 218.

The undersigned finds that Petitioner cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law in rejecting this claim, or that the PCR court made objectively unreasonable factual findings. A review of the trial transcript and the testimony at the PCR hearing reveals that the PCR court's denial was fully supported by the record and was reasonable and therefore, it is entitled to deference here. Moreover, even if the court determined that the arrest warrant was defective and Petitioner's arrest was invalid, it would not provide any relief. *See Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (stating that an "illegal arrest or detention does not void a subsequent conviction"); *see also United States v. Crews*, 445 U.S. 463, 474 (1980) ("An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction."). Therefore, Petitioner is not entitled to federal habeas relief on this ground.

IV.    Conclusion and Recommendation

Wherefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 24, be GRANTED and the Petition be DENIED.


IT IS SO RECOMMENDED.



October 15, 2014                                         Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge


**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**